## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**JOSEPH L. SILVERBURG**                                                                  **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:07-CV-P135-M**

**CAROLYN L. KELLY et al.**                          **DEFENDANTS**

### MEMORANDUM AND ORDER

Defendant, Carolyn L. Kelly, has filed a notice of removal and attached a copy of the complaint originally filed by the plaintiff in Simpson Circuit Court (DN 1). The plaintiff has filed a motion to remand back to state court (DN 7). Defendant Kelly has responded to the plaintiff's motion to remand (DN 8). This matter is presently before the Court.[1]

The plaintiff contends that removal of this action is inappropriate for three reasons. First, he argues that it is inappropriate because Defendant Kelly does not claim or allege diversity of citizenship and therefore has failed to establish this Court's jurisdiction. Second, he argues that Defendant Kelly's motion was filed by her counsel for improper purposes, *i.e.*, to delay these proceedings and to "run up" the legal fees. Finally, he argues that the case should be remanded because there is no substantial federal question raised in his complaint. He argues that his complaint clearly denoted that it was brought under Kentucky state law and that it does not allege that the defendants were acting under color of state law.

---

[1] The Court notes that not all of the defendants joined in the removal as required by the Sixth Circuit. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). However, this technical defect in the removal procedure may not be raised *sua sponte*; instead, it must be raised by a party within 30 days or be considered waived. *Id.* at 516-17; 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Here, no objection to the failure of all of the defendants to join in the removal was made within 30 days, or indeed to date. In fact, Defendant Simpson County Library has filed a motion to dismiss in this Court without mentioning any objection to the removal (DN 6).

Title 28 U.S.C. § 1441(b) permits the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." The district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether removal is appropriate, the Court must look at the case at the time it was filed in state court. *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 390 (1998) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . .")).

"Where a federal issue is present as only one of multiple theories that could support a particular claim . . ., this is insufficient to create federal jurisdiction." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2nd Cir. 2005). However, "[a] single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Id.* Thus, the question is whether at least one federal aspect of the plaintiff's complaint is a "logically separate claim, rather than merely a separate theory that is part of the same claim as a state-law theory." *Id.*

In the present case, the plaintiff titled his complaint "Civil Rights Complaint Pursuant to Kentucky Revised State 413.140."[2] He alleges in his complaint that in April 2007 Defendant Kelly sent a letter to the plaintiff, who is incarcerated at Green River Correctional Complex (GRCC), expressing her willingness to correspond with him; that the plaintiff learned that Defendant Kelly worked at the Simpson County Public Library; that the plaintiff asked Defendant Kelly to marry him upon his release from prison; and that the plaintiff had advised Defendant Kelly that his now-deceased wife had filed a $25,000,000 lawsuit against PNC Bank

---

[2] This state statute deals with limitations periods for various kinds of causes of actions.

2

regarding the plaintiff's wrongful imprisonment. The complaint alleged that on several occasions Defendant Kelly led the plaintiff to believe that she would marry him. However, he alleges that on June 8, 2007, a friend of his showed him a letter written by Defendant Kelly revealing that Defendant Kelly was having sexual intercourse with numerous Class-D inmates at the Simpson County Library, that Defendant Kelly was involved with "Morris" who was a major meth dealer who was providing Defendant Kelly with meth, and that "Morris" was supplying other drugs to Defendant Kelly to take to the Simpson County Detention Center to sell to inmates. The plaintiff further alleges that he "confronted" Defendant Kelly with this information and that he then wrote Defendant Kelly to tell her that their relationship was over and that he planned to report her behavior to the director of the Simpson County Library, the jailer, and the Commonwealth Attorney. The plaintiff alleges that Defendant Kelly then falsely informed GRCC officials that the plaintiff had threatened her, resulting in him being segregated by GRCC officials.

He names as defendants Kelly, the Simpson County Public Library, and "Morris." As causes of actions, the plaintiff alleges that Defendant Kelly entered into a friendship and a seductive relationship with him under false pretenses in an attempt to get money; that Defendants Kelly and "Morris" conspired to deprive him of his right to remain in the prison's general population; that Defendant Kelly conspired to deprive the plaintiff of money; that Defendant Kelly breached her promise of marriage; that Defendant Kelly violated his rights and abused the process by intentionally inflicting emotional distress by falsely and slanderously reporting to GRCC of threatening her; and that Defendant Simpson County Public Library was aware of Defendant Kelly's sexual involvement with inmates and failed to take correct steps to

prevent sexual assault and abuse of Class-D inmates. In addition to monetary damages, the complaint requests the issuance of a declaratory judgment that the defendants' acts and conduct violated his constitutional rights. He also requests the issuance of a declaratory judgment that the Simpson County Public Library's failure to take corrective action violated his constitutional and civil rights.

Here, the plaintiff's only requested relief against the Simpson County Library is a declaratory judgment that it violated the Constitution and civil-rights laws. Thus, the complaint makes allegations arising under the Constitution which are logically separate from the state-law claims, and this Court would have original jurisdiction, but for one flaw: The plaintiff alleges no personal harm due to the Simpson County Library's action and therefore lacks standing to bring this claim.

"Standing is 'the threshold question in every federal case.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To satisfy the standing requirement of Article III of the Constitution, a plaintiff must show, among other things, that he has "suffered some actual or threatened injury due to the alleged illegal conduct of the defendant." *Id.* The plaintiff may not assert claims that are not personal to him. *Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Therefore, the plaintiff in this case lacks standing to raise a claim on behalf of the unnamed Class-D inmates, and this claim lacks subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement."). Thus, because this is the only constitutional claim in this case, the action must be remanded to the state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."); *Coyne*, 183 F.3d at 496.

For the reasons stated above, the plaintiff's motion to remand back to state court (DN 7) is **GRANTED**.

**IT IS ORDERED** that this action is **REMANDED** back to the Simpson Circuit Court from which it originated. **The Clerk of this Court is directed to mail a certified copy of this Order of remand to the Simpson Circuit Court**.

All outstanding motions filed in this Court are therefore rendered **moot**.

There being no just reason for delay in its entry, this is a final Order. Additionally, the Court *certifies* pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4414.009